STATE OF VERMONT *v.* HAROLD WILKINS.

(56 A2d 473)

November Term, 1947.

Present: MOULTON, C. J., BUTTLES, STURTEVANT and JEFFORDS, JJ., and CLEARY, Supr. J.

Opinion filed January 6, 1948.

*Louis G. Whitcomb* and *Raymond Trainor* for the respondent.

*Everett S. Williams,* State's Attorney, for the State.

STURTEVANT, J. This is a criminal case in which the respondent is charged with driving an automobile on a public highway in the

state while under the influence of intoxicating liquor. Trial was by jury, a verdict of guilty returned, judgment was entered on the verdict and sentence passed. Judgment and execution of sentence were stayed and the case comes to this Court on exceptions by the respondent.

During the impanelling of the jury, it appeared that a husband and wife had both been called to serve thereon. Mrs. Bessie Waterman was a regular member of the jury panel and her husband, Gardner Waterman, was called as a talesman. The respondent moved that the court excuse Gardner Waterman from the panel, both as a matter of law, and as a matter of discretion, on the ground of the relationship between Waterman and his wife and the influence that might arise therefrom and that for that reason the respondent might not be able to obtain a fair and impartial trial. After the jury had been impanelled and before the opening statement by the state's attorney, all of respondent's challenges then having been exhausted, the respondent objected to trial before the jury as constituted on the ground that same was not a legal jury because a husband and wife were sitting thereon and under the common law they constituted a "legal sole party" and the common law disability of a man and his wife to sit on a jury panel has not been removed. Therefore, he contends there were, in contemplation of law, but eleven persons on the jury panel.

■ Section 6 of No. 31 of the Acts of 1941 states as follows. *"Construction.* The purposes of this act are to make men and women equally eligible to serve as jurors and as talesmen." That act went into effect February 1, 1943, in accordance with the provisions therein contained. Since that time, women, like men, are qualified to serve as jurors or talesmen in their own right. The status of a woman as to whether she is married or single has nothing to do with her qualifications as a juror or talesman. Bessie Waterman was a legally qualified member of the jury panel in her own right and so must be counted as such and the same is true of Gardner Waterman. Since one plus one equals two, the respondent's contention is without merit. In *Tyler* v. *United States,* 281 US 497, 503, 50 S Ct 356, 359, 74 L Ed 991, 69 ALR 758, Mr. Justice Sutherland characterizes the claim that husband and wife are one person as "the amiable fiction of the common law". In the case at bar we are dealing with facts, not fiction. This contention of the respondent is without merit. From what has been

hereinbefore stated it also appears that, since each of the jurors in question was qualified as a member of the panel in his or her own right, the presence of either in no way affected the legal qualifications of the other to sit as a member of the jury. While it appears that if the court had been of the opinion that a fair and impartial trial of the respondent might not be had if both Mrs. Waterman and her husband remained on the panel, the court in the exercise of its discretion should have excused one of them, yet it cannot be said as a matter of law that, under the circumstances of this case, it was an abuse of discretion not to do so. While the respondent saved other exceptions, they all relate to this same subject matter and are disposed of by what has been hereinbefore stated. No error is made to appear.

*The respondent takes nothing by his exceptions. Let execution be done.*